UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. HUNTER,
for himself and class members,

        Plaintiff,

v.

FULTON FRIEDMAN & GULLACE LLP
and ASSET ACCEPTANCE LLC,

        Defendants.

_____/

**CLASS ACTION COMPLAINT**

**I.     Introduction**

1.     Plaintiff brings this class action against the defendant debt collectors, seeking

damages and equitable relief, to redress Defendants' systemic violations of the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Collection

Practices Act ("MCPA"), M.C.L. § 445.251 *et seq*.

2.     Defendants have filed thousands of post-judgment requests for writs of

garnishment in Michigan courts in connection with efforts to collect debts from consumers.

Michigan law states: "If the garnishee is not indebted to the defendant, does not hold any

property subject to garnishment, and is not the defendant's employer, the plaintiff is not entitled

to recover the costs of that garnishment." MCR 3.101(R).  Despite this prohibition, Defendants

routinely have rolled the costs of *unsuccessful* garnishments into the balance owed in subsequent

requests for writs of garnishment, misrepresented the amounts owed by consumers, collected

amounts not owed by consumers, and violated the FDCPA and Michigan law.

## II.    Jurisdiction

3.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §§ 1331 and 1337.  This Court has supplemental jurisdiction regarding Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because Defendants transact business here, the pertinent events took place here, and Plaintiff resides here.

## III.    Parties

4.      Plaintiff John P. Hunter is a natural person residing in Kent County, Michigan. Mr. Hunter is a "consumer" and "person" as the terms are defined and used in the FDCPA.  Mr. Hunter is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

5.      Defendant Fulton Friedman & Gullace LLP ("Fulton") is a New York limited liability partnership.  Fulton maintains an office at 28405 Van Dyke Avenue, Suite 3006, Warren, Michigan 48093.  Fulton's Director of Legal Operations in Michigan is Carrie D. Taylor, 28405 Van Dyke Avenue, Suite 3006, Warren, Michigan 48093.  Fulton is a law firm whose primary business is debt collection.  Fulton uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Fulton regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Fulton is a "debt collector" as the term is defined and/or used in the FDCPA.  Fulton is a "regulated person" as the term is defined and/or used in the MCPA.

6.      Defendant Asset Acceptance LLC ("Asset") is a Delaware limited liability company, with offices in Warren, Michigan.  The registered agent in Michigan for Asset is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025.

Asset is engaged in the business of purchasing and collecting defaulted and charged off consumer debts.   Asset uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.  Asset regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  Asset is a "debt collector" as the term is defined and used in the FDCPA.  Asset is a "regulated person" as the term is defined and used in the MCPA.

**IV.     Facts**

7**.**      Mr. Hunter had a credit card account with Chase Bank which he used to purchase goods and/or services for personal, family and household purposes.  Any resulting obligation of Mr. Hunter to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

8.      Mr. Hunter's Chase Bank account went into default.  Chase Bank charged off and sold the account.

9.      Defendant Asset Acceptance LLC purchased Mr. Hunter's account.

10.      On or about September 14, 2010, Asset, through its in-house attorney David DenHouten, filed a debt collection lawsuit against Mr. Hunter in the 61st District Court for the State of Michigan, Case No. 2010-GC-4804.

11.      On or about March 31, 2011, a default judgment was entered in the state court lawsuit on behalf of Asset and against Mr. Hunter in the amount of  amount of $10,917.79.

12.      In or about September of 2011, Asset filed a Request for Writ for Garnishment in the state court lawsuit, naming the Michigan Department of Treasury, garnishee, and representing in pertinent part:

1. On 3/31/2011, the plaintiff received judgment against the defendant for: $10,917.79.
2. The total amount of judgment interest accrued to date is: $435.51.
   The total amount of postjudgment costs accrued to date is: $24.00.
   The total amount of postjudgment payments and credits made to date is: $0.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $11,377.30.

On October 13, 2011, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit A.

13.     Asset served the Writ for Garnishment (Exhibit A) on the Michigan Department

of Treasury and Plaintiff.

14.     Asset did not receive any payment in connection with the Writ for Garnishment

(Exhibit A).

15.     In or before August of 2012, Asset placed Mr. Hunter's account with defendant

Fulton Friedman & Gullace LLP for collection.

16.     In or about September or October of 2012, Defendants filed a Request for Writ for

Garnishment in the state court lawsuit, naming the Michigan Department of Treasury, garnishee,

and representing in pertinent part:

1. On 3/31/2011, the plaintiff received judgment against the defendant for: $10,917.79.
2. The total amount of judgment interest accrued to date is: $1,864.31.
   The total amount of postjudgment costs accrued to date is: $24.00.
   The total amount of postjudgment payments and credits made to date is: $0.00.
   The amount of the unsatisfied judgment now due (including interest and costs) is: $12,806.10.

On October 14, 2012, the state court clerk issued the Writ for Garnishment.  A copy of the

Request and Writ for Garnishment is attached hereto as Exhibit B.

17.     Defendants served the Writ for Garnishment (Exhibit B) on the Michigan

Department of Treasury and Plaintiff.

18.     Asset did not receive any payment in connection with the Writ for Garnishment

(Exhibit B).

19.     In May of 2013, Defendants filed a Request for Writ for Garnishment in the state

court lawsuit, naming WESCO Distribution Inc., garnishee, and representing in pertinent part:

1.  Plaintiff received judgment against defendant for $10,917.79 on March 31, 2011.
2.  The total amount of judgment interest accrued to date is $2,991.98.
    The total amount of post judgment costs accrued to date is $39.00.
    The total amount of post judgment payments made and credits to date is $0.00.
    The amount of the unsatisfied judgment now due (including interest and costs) is $13,948.77.

On May 30, 2013, the state court clerk issued the Writ for Garnishment.  A copy of the Request

and Writ for Garnishment is attached hereto as Exhibit C.

20.     Defendants served the Writ for Garnishment (Exhibit C) on WESCO Distribution

Inc. and Plaintiff.

21.     In or about September or October of 2012, Defendants filed a Request for Writ for

Garnishment in the state court lawsuit, naming the Michigan Department of Treasury, garnishee.

On October 12, 2013, the state court clerk issued the Writ for Garnishment.

22.     Defendants served the October 12, 2013 Writ for Garnishment on the Michigan

Department of Treasury and Plaintiff.

23.      Garnishment after judgment is governed by MCR 3.101, which states in pertinent part:

> **(R)  Costs and Fees.**
>
> (1)  Costs and fees are as provided by law or these rules.
>
> (2)  If the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, <u>the plaintiff is not entitled to recover the costs of that garnishment</u>.

MCR 3.101(R) (underlining supplied).

24.      Defendants, in their Requests for Writ for Garnishment, wrongfully added the costs of prior unsuccessful writs of garnishment to the judgment balance and thereby misrepresented the amount allegedly owed by Plaintiff.

25.      The Fair Debt Collection Practices Act states that it is unlawful for a debt collector to use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

26.      The FDCPA states that it is unlawful for a debt collector to make a false representation of the character, amount, or legal status of any debt.  15 U.S.C. § 1692e(2)(A).

27.      The FDCPA states that it is unlawful for a debt collector to communicate to any person credit information which is known or which should be known to be false.  15 U.S.C. § 1692e(8).

28.      The FDCPA states that it is unlawful for a debt collector to use any false representation or deceptive means to collect or attempt to collect any debt.  15 U.S.C. § 1692e(10).

29.      The FDCPA states that it is unlawful for a debt collector to use unfair or

unconscionable means to collect or attempt to collect any debt, including the collection of any

amount (including any interest, fee, charge, or expense incidental to the principal obligation)

unless such amount is expressly authorized by the agreement creating the debt or permitted by

law.  15 U.S.C. § 1692f(1).

30.     Defendants violated the FDCPA, 15 U.S.C. §§ 1692e and 1692e(2)(A), (8) and

(10), and 1692f(1).  *See, e.g., Watkins v. Peterson Enterprises, Inc.,* 57 F.Supp.2d 1102

(E.D.Wash. 1999).

31.     The Michigan Collection Practices Act states that it is unlawful for a regulated

person to make an inaccurate, misleading, untrue, or deceptive statement or claim in a

communication to collect a debt.  M.C.L. § 445.252(e).

32.     The MCPA states that it is unlawful for a regulated person to misrepresent in a

communication with a debtor the legal status of a legal action being taken or threatened or the

legal rights of a creditor or debtor.  M.C.L. § 445.252(f)(i) and (ii).

33.     Defendants violated the MCPA, M.C.L. § 445.252(e), (f)(i) and (f)(ii).

34.     Defendants' acts and omissions were done in connection with efforts to collect

alleged debts from Plaintiff and members of the putative classes and were done intentionally and

wilfully.

35.     Defendants intentionally and wilfully violated the FDCPA and MCPA.

**V.     Class Allegations**

36.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), Plaintiff brings this action individually

and on behalf of a class or classes of similarly situated persons.

37.     Plaintiff proposes two classes.

38.     The "Fulton Class" is comprised of persons with FDCPA and/or MCPA claims

against Fulton Friedman & Gullace LLP and is defined to include: (a) each and every natural

person that was a defendant in a lawsuit filed in any Michigan court; (b) against whom Fulton

Friedman & Gullace LLP on behalf of the plaintiff filed a post-judgment request for writ for

garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person

had accrued and owed postjudgment costs in connection with a prior writ of garnishment; (d) but

where no payment or credit was received by the plaintiff as a result of the prior writ for

garnishment because the garnishee was not indebted to the person, did not hold any property

subject to garnishment, and was not the person's employer; (e) in an attempt to collect a debt

incurred by the person for personal, family or household purposes.

39.     The "Asset Class" is comprised of persons with FDCPA and/or MCPA claims

against Asset Acceptance LLC and is defined to include: (a) each and every natural person that

was a defendant in a lawsuit filed by Asset Acceptance LLC as plaintiff in any Michigan court;

(b) against whom Asset Acceptance LLC as plaintiff filed a post-judgment request for writ for

garnishment in the lawsuit; (c) representing in the request for writ for garnishment that the person

had accrued and owed postjudgment costs in connection with a prior writ of garnishment; (d) but

where no payment or credit was received by Asset Acceptance LLC or its agent as a result of the

prior writ for garnishment because the garnishee was not indebted to the person, did not hold any

property subject to garnishment, and was not the person's employer; (e) in an attempt to collect a

debt incurred by the person for personal, family or household purposes.

40.     The FDCPA claims of Plaintiff and the members of each class are subject to a

one-year statute of limitation.  Accordingly, only those persons against whom a request for writ

for garnishment was filed during that period of time beginning one year prior to the date of filing

of this complaint and ending on the date the classes are certified, may assert claims under the

FDCPA.

41.     The MCPA claims of Plaintiff and the members of each class are subject to a six-

year statute of limitation.  Accordingly, only those persons against whom a request for writ for

garnishment was filed during that period of time beginning six years prior to the date of filing of

this complaint and ending on the date the classes are certified, may assert claims under the

MCPA.

42.     Upon information and belief, each class consists of more than 1000 persons.

43.     The members of each class are so numerous that joinder of all members is

impracticable.

44.     There are questions of law and fact common to all members of each class, which

common questions predominate over any questions that affect only individual class members.

The predominate questions are:

> a)     Whether Defendants were entitled to tax costs for unsuccessful writs for
>
> garnishments.
>
> b)     Whether the requests for writs for garnishment filed by Defendants
>
> misrepresented that the class members owed postjudgment costs in
>
> connection with unsuccessful writs for garnishment.
>
> c)     Whether Defendants used false, deceptive, or misleading representation or
>
> means in connection with the collection of any debt, in violation of the
>
> FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

      d)      Whether Defendants made false representations regarding the character, amount, or legal status of debts, in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

      e)      Whether Defendants  communicated credit information which Defendants knew or should have known was false, in violation of the FDCPA, 15 U.S.C. § 1692e(8).

      f)      Whether Defendants used unfair or unconscionable means to collect or attempt to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, in violation of the FDCPA, 15 U.S.C. § 1692f(1).

      g)      Whether Defendants violated the MCPA, M.C.L. § 445.252(e), (f)(i) and (f)(ii).

45.     Plaintiff's claims are typical of the claims of all class members.  Plaintiff's claims and the claims of all class members are based on the same factual and legal theories.

46.     Plaintiff will fairly and adequately protect and represent the interests of the members of each class.  Plaintiff has retained counsel experienced in representing consumers in FDCPA litigation, including class actions brought under the FDCPA.  Neither Plaintiff nor counsel have any interests that are adverse or inconsistent with the interests of the members of any class.  Neither Plaintiff nor counsel have any interests that would cause them not to vigorously represent the interests of the members of each class and pursue this action.

47.     Certification of the proposed classes under Fed.R.Civ.P. 23(b)(3) is appropriate in that:

a)      The questions of law or fact common to the members of the classes

predominate over any questions affecting only individual members;

b)      A class action is superior to other available methods for fairly and

efficiently adjudicating the controversy.  Specifically:

1)      There is no compelling interest in having each class member

individually controlling the prosecution of separate actions.   Many

consumers may not realize that their rights have been violated.

2)      Common relief is sought on behalf of all members of each class.

The prosecution of separate actions by individual members of each

class would create a risk of inconsistent or varying adjudications

with respect to the individual members of each class, and a risk

that any adjudications with respect to individual members of each

class would, as a practical matter, either be dispositive of the

interests of other members of each class not party to the

adjudication, or substantially impair or impede their ability to

protect their interests;

3)      Plaintiff's counsel have searched PACER and otherwise are

unaware of any pending litigation filed on behalf of any putative

class member against any defendant concerning this controversy;

4)      It is desirable to concentrate the litigation of the claims in this

forum.  Defendants regularly transact business in the Western

District of Michigan.  Defendants file hundreds (and more likely,

thousands) of debt collection lawsuits each year in Michigan courts

located in the Western District of Michigan.

5)      The management of the proposed class action will not be unusually

difficult.  The factual and legal issues raised by this class action

complaint will not require extended contact with the members of

each class.  Defendants' conduct was perpetrated on all members

of each class and will be established by common, written proof.

Defendants' violations of the law are apparent and can be

determined in scope and amount of actual damages, simply by

reviewing the requests for writs of garnishment and other

documents which the defendant law firm has in its records.

## VI.      Claims for Relief

### Count 1 – Fair Debt Collection Practices Act

48.      Plaintiff incorporates the foregoing paragraphs by reference.

49.      Each defendant has violated the FDCPA.  Specifically:

a)      Defendants violated 15 U.S.C. § 1692e; and

b)      Defendants violated 15 U.S.C. § 1692f.

**Wherefore,** Plaintiff, individually and on behalf of all others similarly situated, requests

that the Court certify this action as a class action, and seeks:

a)      Actual damages for Plaintiff and each member of each class pursuant to 15

U.S.C. § 1692k;

b)      Statutory damages for Plaintiff and each member of each class pursuant to

15 U.S.C. § 1692k;

c)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

d)      Such further relief as the court deems just and proper.

## Count 2 – Michigan Collection Practices Act

50.     Plaintiff incorporates the foregoing paragraphs by reference.

51.     Each defendant has violated the MCPA.  Specifically:

a)      Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and

b)      Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor.

**Wherefore,** Plaintiff, individually and on behalf of all others similarly situated, requests that the Court certify this action as a class action, and seeks:

a)      Actual damages, trebled, for Plaintiff and for each member of each class, pursuant to M.C.L. § 445.257;

b)      Statutory damages, trebled, for Plaintiff and for each member of each class, pursuant to M.C.L. § 445.257;

c)      Injunctive relief, for Plaintiff and for each member of each class, pursuant to M.C.L. § 445.257;

d)      Declaratory relief, for Plaintiff and for each member of each class,

pursuant to M.C.L. § 445.257;

e)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257;

and

f)    Such further relief as the court deems just and proper.

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: December 13 2013                      /s/Phillip C. Rogers

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

Dated: December 13 2013                      /s/ Michael O. Nelson

Michael O. Nelson (P23546)
Attorney for Plaintiff
1104 Fuller N.E.
Grand Rapids, Michigan 49503
(616) 559-2665
mike@mnelsonlaw.com